IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Debra Lynn Whittemore, ) | Civil Action No. 8:10-3266-RMG-JDA |
| ) | |
| Plaintiff, ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court for a Report and Recommendation pursuant to Local Rule 73.02(B)(2)(a), D.S.C., and Title 28, United States Code, Section 636(b)(1)(B).[1] Plaintiff, proceeding pro se, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Commissioner of Social Security ("the Commissioner"), denying Plaintiff's claims for disability insurance benefits ("DIB"). For the reasons set forth below, it is recommended that the case be dismissed for Plaintiff's failure to prosecute and failure to comply with a Court Order.

**PROCEDURAL HISTORY**

On December 23, 2010, Plaintiff filed this action for judicial review of the unfavorable decision of the Administrative Law Judge ("ALJ"). [Doc. 1.] After issuing special interrogatories to Plaintiff to determine whether she had exhausted her administrative remedies, the Court authorized service of process upon the Commissioner on January 28,

---

[1] A Report and Recommendation is being filed in this case, in which one or both parties declined to consent to disposition by a magistrate judge.

2011. [Doc. 15.] The Commissioner filed his Answer to the Complaint on June 27, 2011. [Doc. 23.]

Plaintiff's brief was due on August 1, 2011. Because Plaintiff failed to file a brief by August 1, the Court issued an Order on August 22, 2011, granting Plaintiff through September 12, 2011 to submit her brief. [Doc. 24.] The Court also advised Plaintiff her action would be subject to dismissal if she failed to respond on or before September 12, 2011. [*Id.*] To date, no brief has been filed.

## APPLICABLE LAW

Under Rule 41 of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," the court may enter an order of involuntary dismissal. Fed. R. Civ. P. 41(b). In assessing whether dismissal is appropriate under Rule 41(b), a court evaluates (1) the degree of the plaintiff's personal responsibility for the failures; (2) the prejudice caused to the defendant; (3) whether the plaintiff has a history of deliberately proceeding in a dilatory fashion; and (4) the availability of a less drastic sanction. *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (per curiam); *see also Ballard*, 882 F.2d at 95 (holding the magistrate judge's prior explicit warning that a recommendation of dismissal would result if the plaintiff failed to obey the judge's order was proper grounds for the district court to dismiss the suit when the plaintiff did not comply the despite warning).

Although a pro se litigant is not held to the same high standards as an attorney, *see Hughes v. Rowe*, 449 U.S. 5, 10 n.7 (1980) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), pro se litigants must meet certain standards, including "respect for court orders without which effective judicial administration would be impossible." *Ballard v. Carlson*, 882

F.2d 93, 96 (4th Cir. 1989); *see also Dancy v. Univ. of N.C. at Charlotte*, 2009 WL 2424039, at *2 (W.D.N.C. Aug. 3, 2009) ("Although *pro se* litigants are given liberal treatment by courts, even *pro se* litigants are expected to comply with time requirements and other procedural rules 'without which effective judicial administration would be impossible.'" (quoting *Ballard*, 882 F.2d at 96)); *Pack v. S.C. Wildlife & Marine Res. Dep't*, 92 F.R.D. 22, 25 (D.S.C. 1981) ("A pro se litigant . . . must meet certain standards. Among these are a good faith attempt to comply with the rules of discovery and to be present for trial." (internal citations omitted)). Accordingly, pro se litigants are subject to the provisions of Rule 41.

## **ANALYSIS**

Plaintiff has failed to prosecute this action and to comply with an order of this Court, and therefore, her action is subject to dismissal under Rule 41. To determine whether dismissal is the appropriate sanction for Plaintiff's noncompliance, the Court has considered the factors outlined in *Chandler Leasing*, which are outlined above. First, as Plaintiff is proceeding pro se, she alone bears the responsibility for her failure to comply with the Court's Order. Second, while Plaintiff's failure to comply likely has not prejudiced the Commissioner with respect to this action, the Commissioner has been forced to assemble the transcript and to answer the Complaint in this action, which Plaintiff now appears to abandon. Third, although Plaintiff's conduct does not definitively establish a history of proceeding in a dilatory fashion, the Court notes that Plaintiff has had four months—from June 27, 2011 to the date of this Order—and has been prodded by the Court to file a brief, but Plaintiff has failed to do so.

Finally, lesser sanctions are available but would likely be ineffective given Plaintiff's lack of compliance or any sort of response. Moreover, the Fourth Circuit has recognized lesser sanctions can include any court orders that clearly warn of punishment for noncompliance. *See Anderson v. Foundation for Adv., Educ. & Emp't of Amer. Indians*, 155 F.3d 500, 505 (4th Cir. 1998). The Fourth Circuit has also held that a district court does not abuse its discretion by dismissing an action after issuing an explicit and reasonable warning. *Ballard*, 882 F.2d at 95–96. Consequently, dismissal is an appropriate sanction for Plaintiff's noncompliance with the Court's Order.

## CONCLUSION AND RECOMMENDATION

Wherefore, based on the foregoing, it is recommended that Plaintiff's case be DISMISSED pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>
United States Magistrate Judge

October 28, 2011
Greenville, South Carolina